UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY W. RUIZ, ) | |
| ) | |
| Plaintiff, ) | Case No. C05-1535-MJP-JPD |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | REPORT AND RECOMMENDATION |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, Anthony Ruiz, proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends reversing this case and remanding for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-six-year-old man who lives in Marysville, Washington, with his daughter. AR 65, 425. He has a high-school education with eight months of electronic vocational training. AR 97, 439. Plaintiff has past work experience as an aircraft mechanic, construction worker, rulerman, and laborer. AR 92.

REPORT AND RECOMMENDATION
PAGE -1

01       On June 10, 2002, plaintiff filed applications for SSI and DIB.[1]  AR 65-67, 424-26.
02 He alleged disability beginning on February 28, 1998, as a result of diabetes, stomach
03 problems, an unspecified visual impairment, and gastroparesis.[2]  AR 91.  The chief symptoms
04 of which plaintiff complains are severe nausea and vomiting, which he alleges occur three to
05 four times per week.  AR 450-52.  Plaintiff was prescribed Marinol to control these
06 symptoms, but also admits to smoking marijuana regularly, believing the marijuana to be more
07 effective in treating the problems.  AR 449-50.  Plaintiff's applications were denied both
08 initially and upon reconsideration.  AR 33-41, 428-35.  Plaintiff requested a hearing before an
09 administrative law judge, and on October 14, 2004, a hearing was held.  AR 42, 436-72.

10       On February 3, 2005, the ALJ issued a decision that found plaintiff not disabled.  AR
11 18-30.  In particular, at step four the ALJ found that plaintiff's residual functional capacity did
12 not preclude him from performing his past relevant work as a rulerman.  AR 29.  The ALJ did
13 not proceed to step five of the sequential evaluation process.

14       The Appeals Council denied plaintiff's request to review the ALJ's decision.  AR 5-7.
15 Therefore, the ALJ's February 3, 2005, decision serves as the Commissioner's final decision
16 for purposes of judicial review.  On September 29, 2005, plaintiff timely filed this action
17 challenging the ALJ's decision.

---

[1] The applications were signed on June 10, 2002, but are stamped as "received" by the Social Security Administration on June 17, 2002.  AR 65-67, 424-26.

[2] Gastroparesis is "paralysis of the stomach."  Mosbey's Medical, Nursing, & Allied Health Dictionary 726 (6th Ed. 2002).  Its most common symptoms include nausea, vomiting, and bloating.  The Mayo Clinic's website provides a straightforward explanation of the causes, symptoms, and treatment of gastroparesis.  See http://www.mayoclinic.com/health/gastroparesis/DS00612.

## II.  JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) (2005).

## III.  STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Substantial evidence is defined as more than a mere scintilla but less than a preponderance; "it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal citations and quotations omitted).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citations omitted).

## IV.  EVALUATING DISABILITY

As the claimant, Mr. Ruiz bears the burden of proving that he is disabled within the meaning of the Social Security Act.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.

01 *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094,
02 1098-99 (9th Cir. 1999).

03       The Social Security regulations set out a five-step sequential evaluation process for
04 determining whether a claimant is disabled within the meaning of the Social Security Act. *See*
05 20 C.F.R. §§ 404.1520, 416.920 (2005). At step one, the claimant must establish that he is
06 not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the
07 claimant establishes that he has not engaged in any substantial gainful activity, the
08 Commissioner proceeds to step two. At step two, the claimant must establish that he has one
09 or more medically severe impairments, or combination of impairments, that limit his physical
10 or mental ability to do basic work activities. If the claimant does not have such impairments,
11 he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant has a severe
12 impairment, the Commissioner moves to step three to determine whether the impairment
13 meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§
14 404.1520(d), and 416.920(d). A claimant who meets or equals one of the listings for the
15 required twelve-month duration requirement is disabled. *Id.*

16       When the claimant's impairment neither meets nor equals one of the impairments listed
17 in the regulations, the Commissioner must proceed to step four and evaluate the claimant's
18 residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The
19 Commissioner then uses the RFC to determine whether the claimant can still perform the
20 physical and mental demands of his past relevant work. 20 C.F.R. §§ 404.1520(f),
21 416.920(f). If the claimant is not able to perform his past relevant work, the burden shifts to
22 the Commissioner at step five to show that the claimant can perform some other work that
23 exists in significant numbers in the national economy, taking into consideration the claimant's
24 RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*,
25 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other
26 work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On February 3, 2005, the ALJ issued a decision finding:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through March 31, 2004.

2. The claimant has not engaged in any substantial gainful activity since the alleged onset of disability.

3. The claimant's diabetes and gastroparesis are considered "severe" impairments under the regulations.

4. None of the claimant's impairments meets or equals the criteria of any impairment included in the *Listings of Impairments*.

5. The claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: to lift 20 pounds occasionally, 10 pounds frequently; to sit, stand, and/or walk about six hours out of an eight hour day; with an unlimited capacity to push and/or pull the above weights. The claimant has no postural, manipulative, visual, communicative, or environmental limitations.

7. The claimant's past relevant work as a rulerman in paper manufacturing did not require the performance of work-related activities precluded by his residual functional capacity.

8. The claimant's diabetes and gastroparesis do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision.

AR 29.

## VI. ISSUES ON APPEAL

The parties agree that the ALJ erred at step four by failing to identify applicable past relevant work, and to determine whether plaintiff could actually perform that work. The parties, however, disagree over the appropriate remedy.[3] Plaintiff requests remand for an

---

[3] In addition to the step four error, plaintiff's brief argues that the ALJ erred by: (1) erroneously rejecting the medical opinion of treating gastroenterologist Dr. Michael McDonnell; (2) erroneously applying drug and alcohol abuse analysis without first finding

REPORT AND RECOMMENDATION
PAGE -5

immediate award of benefits, while defendant requests remand for further administrative proceedings.

## VII.  DISCUSSION

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

    A.    <u>The ALJ Committed Legal Error</u>.

The first step for determining whether this case should be remanded for an immediate award of benefits or for further administrative proceedings requires the Court to assess whether the ALJ provided legally sufficient reasons for rejecting plaintiff's evidence. *McCartey*, 298 F.3d at 1076.  The Commissioner has conceded that the ALJ erroneously found that plaintiff could perform his past relevant work as a rulerman. Dkt. No. 17 at 6. Hence, the parties agree that the ALJ committed legal error, thus satisfying the first step of the remand analysis.  The parties, however, disagree as to whether the ALJ committed the additional legal errors asserted in plaintiff's opening brief.  Although the ALJ's step four error is sufficient to satisfy the first step of the remand analysis, the Court will address plaintiff's remaining assertions of error to clarify additional issues to be considered on remand.

---

plaintiff disabled; (3) misapplying the failure to follow treatment analysis by first failing to find plaintiff disabled; and (4) depriving plaintiff of his due-process rights by applying the substantial evidence standard of review at the administrative determination phase. Dkt. No. 15.  Plaintiff concedes in his reply that his fourth assignment of error is moot in light of the ALJ's consent to remand. Dkt. No. 18.

REPORT AND RECOMMENDATION
PAGE -6

1. <u>The ALJ Inadequately Evaluated the Medical Opinion of Dr. McDonnell</u>.

Dr. Michael McDonnell is a gastroenterologist who has treated plaintiff from October 2001 until the present. AR 420. In a post-hearing declaration provided by plaintiff's counsel, Dr. McDonnell reiterated his diagnoses of diabetes, diabetic gastroparesis, and pancreatitis. *Id*. He also stated that he believed plaintiff's testimony regarding his symptoms. AR 423. According to Dr. McDonnell, "the severity of [plaintiff's'] reported symptoms" would cause him to "miss a lot of work, probably weekly." AR 423. Dr. McDonnell stated that he could not "see how [plaintiff] could do his job," and opined that "he would not be a reliable employee." *Id*.

Although the ALJ adopted Dr. McDonnell's diagnoses of diabetes and gastroparesis, the ALJ "disagree[d] with [his] opinion regarding [plaintiff's] ability to function in the workplace stating that his conclusions were based solely on the [plaintiff's] report of his functioning," and which the ALJ found to be "less than fully credible." AR 28. The ALJ also stated that the "opinion was not given any special weight." *Id*. Plaintiff argues that the ALJ's evaluation of Dr. McDonnell's opinion was erroneous. Dkt. No. 15.

Generally, the opinions of treating physicians, particularly when those opinions relate to medical areas within their area of specialization, are to be given great consideration. 20 C.F.R. §§ 404.1527(d)(5); 416.927(d)(5); *Benecke v. Barnhart*, 379 F.3d 587, 594 n.4 (9th Cir. 2004). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir. 2001). When a treating physician's opinion is contradicted by other opinions, as it is here, the ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" in order to reject it. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal citations and quotations omitted). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes,* 881 F.2d at 751). The ALJ must do

REPORT AND RECOMMENDATION
PAGE -7

more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988)).

In this case, the ALJ did not evaluate Dr. McDonnell's opinion relating to the severity of plaintiff's alleged symptoms. The primary reason the ALJ gave for rejecting Dr. McDonnell's work-related limitations was that they were based on plaintiff's self-reports, rather than objective medical evidence. AR 28. This observation is accurate. Dr. McDonnell testified that his *diagnoses* were supported by a magnetic radiologic cholangiogram performed on November 11, 2003, but acknowledged that a subsequent gastric emptying study performed in June 2000, had "very little value because it was not completed." AR 421. Thus, there was objective evidence to support the existence of plaintiff's condition but, as Dr. McDonnell acknowledged, there was no objective medical evidence as to the *severity* of plaintiff's alleged symptoms. Instead, he relied on plaintiff's "reported symptoms" for his severity determination. AR 422-23. Because an ALJ may discount an opinion based upon unreliable plaintiff testimony, the issue is whether the ALJ properly evaluated plaintiff's credibility. *Tonapetyan,* 242 F.3d at 1149.

### 2. The ALJ Inadequately Assessed Plaintiff's Credibility.

Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Reddick,* 157 F.3d at 722 (internal citations omitted). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony. *Id.* "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."[4] *Id.*

---

[4] The ALJ may consider ordinary techniques of credibility evaluation including a reputation for truthfulness, inconsistencies in testimony, or between testimony and conduct,

REPORT AND RECOMMENDATION
PAGE -8

01    The ALJ's credibility analysis failed to comply with this standard.  The ALJ stated that

02 plaintiff "exaggerated his symptoms to his providers and to [the Social Security

03 Administration]."  AR 27.  Therefore, he found plaintiff's allegations as to the severity of his

04 limitations "not totally credible."  AR 29.  The ALJ did not specifically identify the non-

05 credible testimony, nor provide sufficient examples of the evidence relied upon, to impugn the

06 plaintiff's testimony.  He did note that plaintiff had inconsistently reported his alcohol

07 consumption to care providers, which he believed "may have contributed to [plaintiff's]

08 gastrointestinal problems."  AR 27.  He pointed out that when plaintiff visited the emergency

09 room in August 1998, he reported to doctors that he drank three beers the day before, but

10 generally did not drink "very much."  AR 27 (citing AR 127).  When he returned to the same

11 ER nearly a year later complaining of similar symptoms, he admitted to alcohol abuse.  *Id*.  It

12 is not clear that this observation was part of the ALJ's credibility analysis, but even if it were,

13 it does not rise to the level of providing clear and convincing reasons for rejecting plaintiff's

14 testimony.

15    The ALJ also appears to have believed that plaintiff's failure to follow all medical

16 treatment regularly impugned his credibility. He noted that in April 2002, plaintiff reduced his

17 Marinol dosage in half without consulting Dr. McDonnell, apparently because he was feeling

18 quite well.  AR 27.  He further noted that plaintiff later reported discontinuing the Marinol

19 altogether, though he continued to smoke marijuana.  *Id*.  Unexplained, or inadequately

20 explained, failure to follow medical treatment can serve as a sufficient reason for disbelieving

21 a plaintiff's subjective symptom testimony.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

22 It is not evident from the ALJ's opinion that he was using this incident to support an adverse

23 credibility determination.  As a result, the ALJ's credibility analysis is, at best, muddled.  On

---

daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (internal citations omitted).

REPORT AND RECOMMENDATION
PAGE -9

remand, the ALJ should re-examine plaintiff's credibility on the weight to be given to Dr. McDonnell's opinion.

### 3. The ALJ Did Not Err by Failing to Apply Drug and Alcohol Abuse Analysis.

Plaintiff argues that the ALJ "erroneously evaluated [his] marijuana use." Dkt. No. 15. He states that the ALJ misapplied the proper drug and alcohol abuse ("DAA") analysis outlined in *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), by finding that plaintiff's cannabis addiction was a factor material to disability without first finding that plaintiff was disabled. *Id*.

Plaintiff misapprehends the ALJ's analysis. The ALJ did not perform the DAA analysis, nor did he find that plaintiff's marijuana addiction was a factor material to disability. Indeed, no such finding is included in the decision. *See* AR 29. Rather, the ALJ noted that plaintiff's admitted marijuana abuse may have contributed to what appeared to be a lack of motivation. AR 28. The decision, however, mentions plaintiff's marijuana abuse in other instances as well, which raises concern about what role, if any, it did have on the ALJ's analysis. Though the Court declines to find that the ALJ misapplied the DAA analysis on this record, upon remand, he should make explicit what role, if any, DAA plays in his analysis.

### 4. The ALJ Did Not Misapply the Failure to Follow Treatment Analysis.

Plaintiff also argues that the ALJ "misapplied 20 C.F.R. § 404.1530 (2005), the failure-to-follow-prescribed-treatment regulation." Dkt. No. 15. He argues that the ALJ erred in applying this regulation because first he did not find plaintiff to be disabled. *Id*. Once again, no such finding is included in the decision. On remand, however, the ALJ should explicitly clarify the extent to which plaintiff's failure to follow treatment, if any, impacts the ALJ's analysis.

REPORT AND RECOMMENDATION
PAGE -10

B.      <u>Outstanding Issues Still Remain</u>.

The second step for determining whether this case should be remanded for an immediate award of benefits, or for further administrative proceedings, requires the court to assess whether there are any outstanding issues that must be resolved before a determination of disability can be made. *McCartey*, 298 F.3d at 1076. Here, several outstanding issues remain. First, the assignment of error on which the parties agree must still be properly determined, e.g., what plaintiff's past relevant work consists of, and whether he can still perform that work. Depending on the outcome of that analysis, the ALJ also may be required to proceed to step five. Additionally, as discussed above, there is an outstanding issue as to whether plaintiff's marijuana and alcohol abuse impacted his alleged disability. Similarly, there is a question about whether, or to what extent, plaintiff's failure to follow consistent treatment impacted the ALJ's analysis. These are outstanding issues that preclude an award of benefits at this time. *Harman*, 211 F.3d at 1180-81 (noting that uncertainty as to whether plaintiff abused alcohol required remand for further administrative proceedings).

C.      <u>It Is Not Clear From the Record That Plaintiff Would Be Found Disabled.</u>

The final step for determining whether this case should be remanded for an immediate award of benefits or for further administrative proceedings requires the Court to assess whether the ALJ would be obligated to find the claimant disabled if he considered his erroneously rejected evidence. *McCartey*, 298 F.3d at 1076. The plaintiff has not established that the ALJ would be obligated to make such a finding if he were to credit Dr. McDonnell's opinions as true, because a denial of benefits may still be proper at steps four and five.

## VIII. CONCLUSION

For the reasons discussed above, this case should be reversed and remanded for further administrative proceedings not inconsistent with this Report and Recommendation. A proposed Order accompanies this report and recommendation.

DATED this 1st day of May, 2006.

REPORT AND RECOMMENDATION
PAGE -11

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -12